UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DENNIS SCHEUERMANN                                         CIVIL ACTION

VERSUS                                                     NO. 06-8620

THE HANOVER INSURANCE                                      SECTION: "C"(1)
COMPANY, OXFORD INSURANCE AGENCY,
AND DAVID BORDELON

ORDER AND REASONS

The Court previously ordered briefing on whether the jurisdiction amount existed at the time of removal (Rec. Doc. 6). The parties may neither consent to nor waive federal subject matter jurisdiction. *Simon v. Wal-Mart Stores, Inc*., 193 F.3d 848 (5th Cir. 1999). Bare assertions by the removing party are insufficient to invest a federal court of jurisdiction. *Asociacion Nacional De Pescadores A Pequena Escala O Artesanales De Colombis (ANPAC) v. Dow Quimica De Colombia, S.A.*, 988 F.2d 559 (5th Cir. 1993), *cert. denied,* 114 S.Ct. 685 (1994). Instead, the Fifth Circuit advises the district courts that they should review their subject matter jurisdiction in cases such as this. *Id.; Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999). In order to remain in federal court, the removing party must prove by a preponderance of the evidence that the jurisdictional minimum exists. *Id.* This showing may be made by either: (1) demonstrating that it is facially apparent that the claims are likely above the jurisdictional minimum; or (2) setting forth the facts in controversy that support a finding of the jurisdictional

minimum. *Id.* It is the recognized burden of the party invoking jurisdiction "both to allege with sufficient particularity the facts creating jurisdiction, in view of the nature of the right asserted, and, if appropriately challenged, or if inquiry be made by the court of its own motion, to support the allegation." *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 287, fn. 10 (1938) (citing, *McNutt v. General Motors Corp.*, 298 U.S. 178, 182-189 (1936); *Diefenthal v. Civil Aeronautics Board*, 681 F.2d 1039 (5th Cir. 1982)), *cert. denied*, 459 U.S. 1107 (1983).

In response to the Court's order (Rec. Doc. 6), the plaintiffs and defendants filed memoranda stating that at the time of removal, the amount in controversy did in fact exceed the jurisdictional amount of this Court, $75,000.00.  Plaintiff seeks recovery under Louisiana's valued policy law and contends that he is owed over $300,000 for the total loss of his home.  However, in his memorandum, Plaintiff suggests that, "the Court does not have jurisdiction because there is not complete diversity between the Plaintiff and the Defendants."  Plaintiff further contends that, as a result, the case should be remanded to state court.  Plaintiff cited no cases supporting his position and made no attempt to discuss the issue.

The alleged lack of complete diversity between the parties is due to the fact that Plaintiff joined Oxford Insurance Agency ("Oxford") as a defendant in the action.  The defendant, Hanover, argues that Oxford was improperly joined to defeat diversity jurisdiction and the inclusion of Oxford should not defeat diversity jurisdiction.  The standard for determining when a defendant has been fraudulently joined is well established in the Fifth Circuit.  To demonstrate fraudulent joinder, the party seeking removal must show the "inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Illinois Railroad*

*Co.*, 252 F.3d 220, 222-23 (5th Cir. 2003); See also, *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981).  Courts examine "[i]f there is 'arguably a reasonable basis for predicting that the state law might impose liability on the facts involved.'" *Smallwood*, 352 F.3d at 223 (citing, *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 816 (5th Cir. 1993)).  Furthermore, the Fifth Circuit has stated that "[i]f the plaintiff has *any* possibility of recovery under state law against the party whose joinder is questioned, then the joinder is not fraudulent in fact or law.  *Rich III v. Bud's Boat Rentals, Inc.*, 1997 WL 785668, *2 (E.D. La. 2003) (citing, *Burden v. General Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995)) (emphasis added).

A party is considered fraudulently joined when the plaintiff has not or can not state a claim for relief against the individual or entity under the applicable substantive law or does not intend to secure a judgment against that defendant. *Englande v. Glaxo Smithkline*, 206 F. Supp. 2d 815, 817 (E.D. La. 2002) (citing, *Erdey v. American Honda Co., Inc.*, 96 F.R.D. 593, 595 (M.D. La. 1983)).  The key inquiry to a claim of fraudulent joinder is whether the facts as alleged support the plaintiff's substantive claims against the non-diverse defendants.  *Englande*, 206 F. Supp. 2d at 819 (citing *B., Inc.*, 663 F.2d at 545).  To determine whether jurisdiction is present for removal, courts consider the claims in the state court petition as they existed at the time of removal.  *Englande,* 206 F. Supp. 2d at 816 (citing *Cavallini v. State Farm Mut. Augo Ins. Co.,* 44 F.3d 256, 264 (5th Cir. 1995)).  Any ambiguities are construed against removal, as the removal statute should be strictly construed in favor of remand.  *Englande*, 206 F. Supp. 2d at 817. (citing *Cavallini*, 44 F.3d at 264).  Because the fraudulent joinder doctrine is a narrow exception to the rule that diversity jurisdiction requires complete diversity, the burden of

demonstrating fraudulent joinder is a heavy one.  *Smallwood*, 352 F.3d at 222.

In its Supplemental Memorandum Regarding the Complete Diversity of Parties (Rec. Doc. 14), Hanover presents two alternate theories of why Oxford is fraudulently joined.  First, it contends that the claims against Oxford are perempted by Louisiana Revised Statute § 9:5606.  Secondly, Hanover claims Oxford was improperly joined because the actions against them are not cognizable under Louisiana law.

### 1. Peremption

Hanover alleges that the claims against Oxford are perempted under Louisiana Revised Statute § 9:5606.[1]  Hanover claims that Scheuermann purchased his policy through Oxford on January 6, 2003, with continuous renewals through January 6, 2006.  As a result, Hanover argues that the renewals of the insurance policy did not constitute issuances of the policy.  Thus, it asserts that the peremption period of Louisiana Revised Statute § 9:5606 started running at the initial issuance of the policy in 2003 and was never restarted.  Therefore, since Plaintiff filed his Petition on August 24, 2006 (over three years since the initial policy was purchased), the claims against Oxford are peremptively barred.

---

[1] Louisiana Revised Statute § 9:5606 provides in relevant part:
   A. No action for damages against any insurance agent, broker, solicitor, or other similar licensee under this state, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide insurance services shall be brought unless filed in a court of competent jurisdiction and proper venue within one  year from the date of the alleged action, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered.  However, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.

In general, renewals of insurance policies do not operate to restart peremption.  *Southern Athletic Club, LLC v. Hanover Insurance Company, et. al.,* 2006 WL 2583406 *3 (E.D.La. 2006) (citing *Dobson v. Allstate Ins. Co.*, 2006 WL 2078423 *8 (E.D.La. 2006)).  However, renewals can be the basis of separate torts, if the complained of conduct constitutes separate and distinct acts, which give rise to immediately apparent damages.  *Biggers v. Allstate Ins. Co.,* 886 So.2d 1179, 1182, 04-282 (La. App. 5 Cir. 10/26/04).  The inquiry is whether the actions of the insurance agents at the time of renewal can be construed to constitute an act separate from the initial policy procurement.

Here, the Court finds that Hanover has not met its burden to establish that there is no reasonable basis to determine that the January 6, 2005 renewal did not constitute an act that was separate and distinct from the original purchase of the insurance policy.  Plaintiff argues that, during the renewal period in 2005, Oxford failed to recommend or procure adequate coverages and made misrepresentations regarding his policy. Petition, ¶ 14.  These acts may constitute separate torts.  Thus, there is a reasonable possibility under Louisiana law that the claims against Oxford are not perempted by the three year period provided in Louisiana Revised Statute § 9:5606.

Louisiana Revised Statute § 9:5606 also provides for a one year peremptive period.  Plaintiff filed suit on August 24, 2006.  Plaintiff did not actually know about the alleged actions, omissions or neglect until sometime after Hurricane Katrina, August 29, 2005, when Hanover denied its claims.  These dates show that Plaintiff filed suit within one year of when it actually learned of the alleged actions, omissions or neglect.

Thus, the inquiry is when Plaintiff should have discovered the alleged actions, omissions or neglect. Under Louisiana law, an insured has a duty to read his insurance policy and know its provisions. *Stephens v. Audubon Ins. Co.*, 665 So.2d 683, 686, 27,658 (La. App. 12/6/95) (citing *Matthews v. Business Men's Assur. Co. of America*, 478 So.2d 634, 637 (La. App. 2 Cir. 1985); *Perkins v. Shelter Ins. Co.*, 540 So.2d 488 (La. App. 1 Cir. 1989)). Plaintiff alleges that it relied on Oxford's advice and representations in procuring its insurance (Rec. Doc. 1, Exhibit A). Arguably, Plaintiff could have discovered any gaps in the coverage by carefully reading the policy. At the same time, without further factual development, the Court cannot determine whether Plaintiff was lulled into complacency by representations made by Oxford and its agents. The facts may disclose that Plaintiff's reliance was well-founded, regardless of the actual language of the policy, and that Plaintiff therefore is excused from its failure to discover the problem earlier.

## 2.  Cognizable Claims Under Louisiana Law

Hanover also claims that Oxford is improperly joined because the claims against it are not cognizable under Louisiana law. Hanover argues that insurance agents do not have a duty to independently advise their clients about the availability or desirability of certain insurance coverages. However, Hanover does recognize that an insurance agent can assume such a duty by inducing the client's justifiable reliance on the agent's representations about its coverage. Hanover claims that the allegations that Oxford failed to advise Plaintiff of certain terms and conditions in the policy, or failed to procure adequate flood insurance, are insufficient to impose legal liability in Louisiana (Rec. Doc. 15). Plaintiff, on the other hand, claims that Oxford

assumed the fiduciary duty to advise about the availability or limits of coverage.

Under Louisiana law, an insurance agent has a general duty use reasonable diligence in attempting to place the insurance requested and to promptly notify the client if he has failed to obtain the insurance requested. *Southern Athletic Club*, 2006 WL 2583406 at *4 (citing *Karam v. St. Paul Fire & Marine Ins. Co.*, 281 So.2d. 728, 730-31 (La. 1973)). If the agent's actions warrant the client's assumption that he has the desired insurance coverage, the client may recover any loss sustained as a result of the agent's breach of his duty to procure such coverage. *Id.* However, an insurance agent's duty can be greater than merely procuring the insurance requested, depending on what services the agent holds himself out as performing and the nature of the specific relationship and agreements between the agent and his client. *Id,* (citing *Graves v. St. Farm Mut. Auto Ins. Co.*, 821 So.2d 769, 773, 2002-1243 (La. Ct. App. 06/26/02)). Finally, we note that federal jurisdiction is not available for causes of action arising out of a failure to procure flood insurance. *Landry v. State Farm Fire & Casualty Co.*, 428 F. Supp. 2d 531 (E.D. La. 2006).

In his state court pleadings, Plaintiff claims that Oxford assured him that the policy of fire (homeowner's) insurance which was recommended would sufficiently cover and insure the Plaintiff for all the damages they would sustain during a hurricane. Petition, ¶ 4. Each policy period, Plaintiff argues that he has relied on Defendant Oxford Insurance Agency, Inc., as his insurance agent to advise him of changes in his policies, to procure adequate insurance coverage each year in order to insure that they have the correct type of insurance and the policy coverage amounts were sufficient to protect the Plaintiff from the damages caused by a hurricane.

Plaintiff alleges that his agent/broker has failed to do so. Petition, ¶ 13. Plaintiff further claims that "[d]uring the renewal period in 2005, Defendant, Oxford Insurance Agency, Inc., was negligent in numerous respects including, but not limited to, failing to recommend or procure adequate flood insurance which would sufficiently cover the Plaintiff for his damages sustained in a hurricane; failing to advise that excess flood insurance was available; failing to inform the Plaintiff that he was under-insured in his Hanover insurance policy; failing to inform the Plaintiff that his coverages should be increased as well as his misrepresentations in which he assured the Plaintiff that the Hanover fire (homeowners) insurance policy would cover and insure for all the wind, tornado and rain damage caused by a hurricane. It has not." Petition, ¶ 14. Finally, Plaintiff argues that Oxford Insurance Agency, Inc., negligently failed to alert him as to any "concurrent causation clauses" in the policy and failed to advise the Plaintiff as to Hanover's claim adjusting policies and coverage limitations so they could determine the appropriate insurance coverage on their property. Therefore, Plaintiff argues that his agent was responsible for the negligent or intentional misrepresentations and breaches of fiduciary duties to the Plaintiff. Petition, ¶ 14. Accordingly, the Court finds that Hanover has not established that there is no reasonable basis for Plaintiff's claims against Oxford.

Thus, based on the record and the law, the Court finds that the defendant has not established subject matter jurisdiction. In addition, the Court is mindful that removal jurisdiction is strictly construed. *See*: *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941); *Brown v. Demco, Inc.*, 792 F.2d 478 (5th Cir. 1986); *Butler v. Polk*, 592 F.2d 1293 (5th Cir. 1979); C. Wright, A. Miller & E. Cooper, 14B *Federal Practice & Procedure: Civil*, §3721. When subject matter jurisdiction

is doubtful, remand is appropriate.  C. Wright, A. Miller & E. Cooper, 14C *Federal Practice &*

*Procedure: Civil*, §3739.

IT IS ORDERED that this matter be and hereby is REMANDED to Civil District Court for

the Parish of Orleans, State of Louisiana for lack of jurisdiction under 28 U.S.C. § 1147(c).

.

New Orleans, Louisiana, this __8th__ day of ~~January,~~ February, 2007.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE